FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN 19  A 10: 42

CLERK _F. LaVictoria_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALFRED SMITH,

      Petitioner,

v.

JOHN TERWILLIGER,
Superintendent,

      Respondent.

CIVIL ACTION NO.: CV206-205

## ORDER

Petitioner, an inmate at Emanuel Probation Detention Center in Twin City, Georgia,[1] has filed this *in forma pauperis* action under 28 U.S.C. § 2254, contesting the legality of his confinement. Petitioner attacks a conviction obtained in the Superior Court of Glynn County, Georgia. Respondent has moved to dismiss the petition for failure to exhaust available state remedies.

"An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears - (A) that the applicant has exhausted the remedies available in the Courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It appears that Petitioner has not exhausted the remedies available to him in the courts of the State of Georgia with regard to the claims made in this case. This court is precluded from a consideration of "unexhausted" claims.

---

[1] In the response to Petition, the Respondent is identified as John Terwilliger, Superintendent. The Clerk is authorized and directed to make that change upon the docket of this case.

AO 72A
(Rev. 8/82)

Accordingly, Petitioner is allowed a period of twenty (20) days from the date of this Order to advise the court whether he asserts that he has exhausted his claims. If Petitioner does not establish sufficient exhaustion within said twenty (20) day period of time, this court will enter an Order dismissing this action, without prejudice, pursuant to Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

**SO ORDERED**, this 19th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)